**COLUMBUS GREEN CABS, Inc., Plaintiff-Appellant, v. SEIP et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4709. Decided March 7, 1952.

Schwartz & Gurevitz, Carl B. Mellman, Columbus, for plaintiff-appellant.

Ballard, Dresbach & Crabbe, Lloyd E. Bilger, of Counsel, Columbus, for defendant-appellee, John Henry Seip.

Knepper, White & Dempsey, William E. Knepper, of Counsel, Columbus, for defendant-appellee, Lauren F. Schnees.

**OPINION**

By MILLER, J.

This is a law appeal from the judgment of the Municipal Court sustaining motions of each of the defendants for a

directed verdict at the close of the plaintiff's case. The action was one for damages arising out of an accident in which three automobiles were involved, one belonging to the plaintiff and one each to the defendants, John Henry Seip and Lauren F. Schnees. No service was had upon the defendant, James E. Graham, so he was not before the Court.

The record reveals that the plaintiff offered testimony which disclosed that the plaintiff was the owner of a taxicab which was parked on Brown Road, a paved highway approximately twenty feet in width; that it was parked with the right wheels about two and one-half to three feet off the highway, leaving the left wheels about the same distance on the improved portion thereof. At this point the road is practically level but south of the point where the accident occurred, about 500 to 600 feet therefrom there is a high spot in the roadway which makes a downgrade toward the scene of the accident for a part of the distance. The taxicab had been parked for a period of four or five minutes for the purpose of discharging a passenger when John Henry Seip approached from the rear in a panel truck. Seip testified that as he turned out to pass the parked cab he saw the truck of defendant Schnees approaching from the opposite direction, about 500 feet away. He then crossed the center of the road in order to pass the taxicab, and when about opposite he saw the Schnees truck about 150 feet away. He testified that the truck was approaching faster than he had thought, that he could not go to the right of the road back of the cab, so he stepped on the accelerator, passed the cab and was on his own right side of the road when the approaching Schnees truck struck his left rear end and then crashed into the parked cab causing the injuries complained of. After the accident Seip testified that the driver of the Schnees truck said, "I lost control by hugging the right side of the road."

The record discloses that the Seip car was traveling about 25 miles per hour and there is nothing to indicate the speed of the approaching truck other than the testimony of Seip that the truck was about 500 feet away when he started to pass the cab.

The plaintiff then rested and each of the defendants moved for an instructed verdict, which the Court sustained.

The errors assigned may be epitomized as follows: The judgment is contrary to law and the evidence.

In passing upon such motions the Court was required to consider the testimony in its most favorable light towards the plaintiff. At the outset it will be noted that the act of the plaintiff in parking the taxicab upon the highway constituted

negligence per se, being in violation of §6307-64 GC, which provides:

"(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway."

The appellant urges that even though it was negligent, that at the time of the accident the negligence was only passive and therefore under the last clear chance doctrine it became a question for the jury to determine, whether the doctrine should be applied, the issue having been properly raised by the pleadings.

The appellant also urges that the evidence is sufficient to make a prima facie case and the question of contributory negligence and proximate cause required that the same be submitted to the jury or the Court in the absence of a jury.

We are of the opinion that the last clear chance rule has no application in the case at bar for the reason that the plaintiff's negligence was present up to the time of the collision. The Courts of this sstate have held that for a plaintiff to successfully rely on that doctrine his negligence must have ceased.

In 29 O. Jur., paragraph 113 under the subject of Concurrent Negligence appears this language:

"The 'last clear chance' rule presupposes antecedent fault or negligence on the part of the plaintiff. The doctrine does not apply where the plaintiff has been negligent, and his negligence continues, and concurrently with the negligence of the defendant, directly contributes to produce the injury."

The syllabus of the case of **Brock v. Marlatt, Admx., 128 Oh St 435,** reads as follows:

"The last clear chance rule has no application to any situation except where the injured party through his own negligence has placed himself in a position of peril. The doctrine presupposes the antecedent negligence of the plaintiff, and an instruction on such issue is not proper where the negligence of the defendant and contributory negligence of the plaintiff are concurrent. (**Cleveland Ry. Co. v. Masterson, 126 Oh St, 42,** and **Pennsylvania Co. v. Hart, 101 Oh St, 196,** approved and followed.)"

The Court used this language in the opinion (p. 439):

"The record discloses that the decedent's act in crossing the highway and the approach of the defendant's automobile were concurrent acts, and, if negligent, such negligence continued until they came into collision, which collision some of the evidence indicates occurred at least partly as a result of plaintiff's decedent suddenly reversing his course into the path of the approaching automobile. Without fully reviewing the evidence in the record it is sufficient to say that in so far as the evidence indicated contributory negligence of the plaintiff's decedent it was continuing and concurrent with the acts of the defendant charged to have been negligent. It had not ceased for a sufficient time prior to the accident to enable the defendant, after she knew of the peril of the decedent, to avoid the accident, and hence the rule of the last clear chance has no application and its injection into the case is prejudicially erroneous. **Pennsylvania Co. v. Hart, 101 Oh St, 196, 128 N. E., 142.**"

Other Ohio cases holding the same way are **Drown v. Traction Co., 76 Oh St 234,** and **Hayman v. Penn. Rd. Co., 77 Oh Ap 135.**

The next question presented is whether the evidence was sufficient to establish a prima facie case against each of these defendants. We are of the opinion that it was. In the case of Seip, defendant, the question presented was whether or not the defendant violated §6307-29 GC, and if so, was it the proximate cause of the injury? This section provides:

"No vehicle or trackless trolley shall be driven to the left of the center or center line of the roadway in overtaking and passing traffic proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken."

The record discloses that Seip admitted that he misjudged the speed of the oncoming truck and that he had to speed up to get around the taxicab after he realized this. He also admitted that the dump truck was getting pretty close by the time he was ready to pass the front end of the cab; that there was a possibility that the left rear corner of his car was still out near the center of the road and had not gotten entirely back on his right side when the truck collided with the vehicle. As to the defendant Schnees the record reveals that the truck was out of control, crossed the left of the center of the road and struck the plaintiff's cab. Clearly this evidence raises an inference of negligence which should have been submitted to the jury under proper instructions.

The motions for a directed verdict should not have been sustained for the further reason that the mere negligence of the plaintiff would not preclude a recovery unless it was a proximate cause of the injury. This could not be determined, as a matter of law, for we are of the opinion that the evidence was such that reasonable minds might arrive at different conclusions on the question. When such facts exist, the question becomes one of fact for determination after submission of all of the evidence. **Glasco v. Mendelman, 142 Oh St 649.**

We are of the opinion that the Court erred in sustaining the motions for directed verdicts. The judgment is reversed and cause remanded for further proceedings.

HORNBECK, PJ, WISEMAN, J, concur.